## Griffin *versus* Henderson.

1. The trustees of a land company in 1808 conveyed to Ludwig, land which through various intermediate grantees came to Taylor in 1851, when *all* the deeds were recorded.   In 1816, the trustees conveyed the same land to Baldwin, and through various grantees the title was re-invested in the company in 1844; these deeds were duly recorded.   In 1854, the company by other trustees conveyed to Cullum.   *Held*, that Cullum and his grantors had constructive notice of Taylor's title.

2. What was done by the company (who were the common grantors), at any time must be presumed to have been known by them at all times, and their intervening sale could not alter the effect of their acts to third parties.

3. A party remitted to his title is bound by his acts affecting his title before the reconveyance.

November — 1871.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Mercer county :* No. 213, to October and November Term 1871.

This was an action of ejectment commenced, August 7th 1869, by Samuel Henderson against Henry J. Griffin for about 88 acres of land.

The cause was tried, October 14th 1871, at a special court, before Lowrie, P. J., of the 30th district.   The title to the land in dispute was, on and before the 15th of September 1808, in James Greenleaf and others, trustees of the North American Land Company.

On the 1st of June 1816 the trustees conveyed it with other land to Henry Baldwin and Stephen Barlow; the deed was recorded September 26th 1816.   On the 14th of June 1844 Baldwin conveyed his interest to Barlow; this deed was recorded June 20th 1844.   On the 26th of June Barlow conveyed to James Dundas and Benjamin Kugler, who had become trustees of the North American Land Company in the place of Greenleaf and others; Dundas and Kugler, trustees, conveyed to Arthur Cullum on the 19th of April 1854.   On the 23d of April 1859 Cullum conveyed to John Crooks; he having died the land was sold as his estate by order of the Orphans' Court, and purchased by Henderson the plaintiff; the deed under this sale was made July 9th 1869.   The title thus deduced is that under which the plaintiff claims.

[Griffin *v.* Henderson.]

On the 15th of September 1808 the trustees conveyed the land in dispute to Abraham Ludwig; on the 2d of March 1811 Ludwig conveyed to John Kerr; on the 27th of June 1811 Kerr conveyed to John Gibson; on the 2d of March 1812 Gibson conveyed to Aaron Taylor. No one of these deeds was recorded until the 16th of July 1851, when they were all placed on record by Taylor. On the 13th of April 1864 Taylor conveyed to John D. Jobe, and on the 1st of May 1868 Jobe, by articles, sold the land to Griffin the defendant, who claims to hold under the title thus deduced.

The court charged :—

"1. The line of title under which the defendant claims was invalidated and superseded by neglect to have it recorded in due time, and by the intervention of the line of title under which the plaintiff claims, which was duly recorded, unless you have sufficient evidence that Baldwin and Barlow had notice at the time of their purchase, by possession or otherwise, of the adverse unrecorded title.

"2. The defendant is not relieved from the effect of the above rule by the fact that Baldwin and Barlow afterward conveyed the land to Dundas and Kugler, in trust for the North American Land Company, the original equitable owners, and that after that and before any new conveyance by Dundas and Kugler, those under whom the defendant claims, had their old invalidated deeds recorded."

The verdict was for the plaintiff. The defendant removed the record to the Supreme Court, and assigned the charge for error.

*Stewart & Robinson*, for plaintiff in error.

*McDermitt* and *Griffith & Mason*, for defendant in error.—One with notice purchasing from one without, stands in his grantor's shoes: Church *v.* Ruland, 14 P. F. Smith 432; Filby *v.* Miller, 1 Casey 264; Bracken *v.* Miller, 4 W. & S. 102.

The opinion of the court was delivered, January 9th 1872, by

THOMPSON, C. J.—The general principle asserted by the learned judge below was undoubtedly correct, but there were qualifying circumstances in the case sufficient to control the generality of the rule, if not to take the case entirely out of it. The North American Land Company, by its trustees, conveyed the land in controversy in 1808 to one Abraham Ludwick. The plaintiff in error derives title through sundry conveyances from and under him. The Ludwick deed was not recorded until 1851. In the mean time the company conveyed a large number of tracts to Baldwin and Barlow, including the tracts of which the land in controversy is part, and their deed was duly recorded in Mercer

[Griffin v. Henderson.]

county in 1816. Afterwards, in June 1844, Stephen Barlow, who had become the sole owner of the Baldwin and Barlow purchase, reconveyed the lands unsold by them to the trustees of the same company. In August 1854, the company by their trustees sold and conveyed the same land to Arthur Cullum, under whom the defendant in error dereigns title, viz., by deed of July 1869, under proceedings in the Orphans' Court of Mercer county. Undoubtedly Cullum, Crooks his grantee, and the defendant in error, all had constructive notice of the Ludwick deed, and subsequent conveyances down to Taylor in 1851, for they were all on record. This, however, would not defeat the title of defendant in error under the circumstances of this case, however it might affect equitable considerations, if there were any in the case.

It was thought by the learned judge, and he so charged in substance, that Cullum having purchased from a party who had no notice, actual or constructive, of the deed of Ludwick from the company, he took their title, and stood exactly in their shoes, and could hold the land, whether he had notice himself of the Ludwick title or not. While that is certainly true as a general rule, it will not hold in this case. The company sold to Ludwick, and afterwards sold to Cullum. The same party was the grantor in both cases. What was done by it at any time must be presumed to have been known by it at all times. The company was the same, although the trustees were different. It continued by succession. The intervening sale to Baldwin and Barlow could not alter the effect of the company's acts in their relation to third parties. They, not Baldwin and Barlow, sold and conveyed to Ludwick, and they sold and conveyed to Cullum. They must be presumed to have known what they had done as well as what they were doing. It is vain to say that they had not notice, and that Cullum stood in the shoes of an innocent purchaser without notice. Had the transaction been that of an individual instead of a company, although this would not in the least have changed the principle, it would have more clearly developed what we insist upon, that the party being remitted to his title, would be bound by any acts done by him before conveyance affecting his title. The length of time between the sale to Ludwick and the sale to Cullum, might be a circumstance to mislead the company in regard to the principle, but it affects not the principle. The company lived and existed all the while, and was all the while to be affected by their own past acts, just as would an individual be. For these reasons this judgment must be reversed.

We cannot regard the points submitted in the argument of the counsel for the defendant in error. They are not considerations arising out of the assignments of error, and are not on the record. Both assignments of error are sustained.

The judgment is therefore reversed, and a *venire de novo* awarded.